UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | | |
|---|---|---|
| MULTICULTURAL RADIO BROADCASTING, INC., a New Jersey Corporation, | : : : : : | Civil Action No. 15-1961 (SRC) |
| Plaintiff, | : : | OPINION |
| v. | : : | |
| KOREAN RADIO BROADCASTING, INC., a New York Corporation; YOUNG DAE KWON, an Individual, | : : : : | |
| Defendants. | : : | |
| KOREAN RADIO BROADCASTING, INC., a New York Corporation; YOUNG DAE KWON, an Individual, | : : : : | |
| Counter-Complainants, | : : | |
| v. | : : | |
| MULTICULTURAL RADIO BROADCASTING, INC., a New Jersey Corporation, | : : : : | |
| Counter-Defendant. | : : | |

**CHESLER**, District Judge

Plaintiff Multicultural Radio Broadcasting, Inc. ("MBRI" or "Plaintiff") brings this diversity action against Defendants Korean Radio Broadcasting, Inc., (KBR) and Young Dae Kwon ("Young") (collectively, "Defendants") for breach of contract and other state law causes of action. Now before the Court are three motions: (1) Plaintiff's motion for leave to amend its

complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2) (Doc. No. 61); (2) Defendants' cross-motion to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. No. 66); and (3) Defendants' motion for judgment on the pleadings as to count two of the complaint, pursuant to Federal Rule of Civil Procedure 12(c) (Doc. No. 67).  The Court has reviewed the parties' submissions and proceeds to rule without oral argument.  See Fed. R. Civ. P. 78(b).  For the reasons stated herein, Plaintiff's motion for leave to amend its complaint will be denied, and Defendants' cross-motion to dismiss for lack of subject matter jurisdiction will be granted.  Because the court will dismiss this matter for want of subject matter jurisdiction, it declines to consider Defendants' motion for judgment on the pleadings and will deny that motion as moot.

I.     BACKGROUND

Plaintiff is the licensee and operator of WWRU-AM 1660 ("AM 1660"), an AM radio station located in Jersey City, New Jersey.  KBR is a producer and broadcaster of Korean-language radio programing in the New York City metropolitan area.  Young allegedly owns and manages KBR.  In November 2013, Plaintiff and KBR entered into a time brokerage agreement (the "Agreement"), through which KBR agreed to purchase all of the program time on AM 1660's radio broadcast from January 2014 to December 2015.  Under the Agreement, KBR was required to make monthly payments for the program time that it used.

Plaintiff commenced this action against Defendants in March 2015, asserting claims for breach of contract, unjust enrichment, and trade libel.  In its complaint, Plaintiff alleges that Defendants failed to make payments due and owing under the Agreement, ceased transmission of KBR's signal to AM 1660 in violation of the Agreement, and, thereafter, published false advertisements in Korean language media outlets suggesting that AM 1660's broadcast signal

was of inferior quality.  (Compl. ¶¶ 21-22, 30-32, 37-38.)  Plaintiff asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), based on allegations that Plaintiff is a "New Jersey Corporation" and a "citizen of New Jersey" and that Defendants "are each . . . citizen[s] of the State of New York."  (Compl. ¶¶ 1, 9.)

In May 2016, during a conference between the parties and the Court, Defendants raised, for the first time, an objection to the court's subject matter jurisdiction.  Defendants contended that Plaintiff's principal place of business is located in New York, not New Jersey, and that complete diversity between the parties is therefore lacking.  Thereafter, the Court issued an order limiting discovery to jurisdictional and other threshold issues until August 31, 2016, and it directed the parties to file all 12(b)(1) motions to dismiss, and any other motion regarding threshold issues, by that date.

Plaintiff now moves for leave to amend its complaint in order to add a claim under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and to assert federal question jurisdiction pursuant to 28 U.S.C. § 1331.  (Doc. No. 61-2, Memorandum of Law in Support of Plaintiff/Counterclaim-Defendant's Motion for Leave to File a First Amended Complaint ("Pl. Mov. Br."), at 8; Doc. No. 61-3, Exhibit A, Amended Complaint, ¶¶ 9, 47-58.)  Defendants cross-move to dismiss the complaint for lack of subject matter jurisdiction, on grounds that complete diversity between the parties is lacking.  (Doc. No. 66-1, Brief in Support of Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction Pursuant to F.R.C.P. 12(b)(1) ("Def. Mov. Br."), at 22-23).  Plaintiff disputes Defendants' contention, arguing that its principal place of business is located in New Jersey.  (Doc. No. 69, Plaintiff/Counterclaim-Defendant's Opposition to Defendant/Cross-Complainant's Cross-Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction Pursuant to F.R.C.P. 12(b)(1) ("Pl. Opp'n"),

3

at 3-5.) In addition, Plaintiff argues that the Court in any event "should direct its [jurisdictional] inquiry not toward diversity, but toward the federal question jurisdiction specified" in Plaintiff's proposed amended complaint. (Pl. Opp'n, at 7). Plaintiff argues that its motion for leave to amend thus "[r]enders [d]efendants' [m]otion [m]oot" because the amended complaint, if permitted to be filed, would supply an alternative jurisdictional basis for the action. (Pl. Opp'n, 7.) The Court will first address whether diversity jurisdiction existed at the time of the commencement of this suit. It will then consider whether Plaintiff may cure the jurisdictional defects in the original complaint in the manner that Plaintiff proposes.

## II.  DISCUSSION

### A.  Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction

1.  *Legal Standard*

"The district courts of the United States . . . are 'courts of limited jurisdiction.'" Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L.Ed.2d 502 (2005) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." United States v. Merlino, 785 F.3d 79, 82 (3d Cir. 2015) (quoting Kokkonen, 511 U.S. at 377)). Consequently, when a federal court finds that it lacks jurisdiction over an action, "the only function remaining . . . is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L.Ed.2d 210 (1998) (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1869)); see Elliott v. Archdiocese of N.Y., 682 F.3d 213, 219 (3d Cir. 2012); Fed. R. Civ. P. 12(h)(3).

A motion to dismiss for lack of subject matter jurisdiction may be raised by a defendant at any time. Iwanowa v. Ford Motor Co., 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999); see 2 Moore's Federal Practice § 12.30[1] (Matthew Bender 3d ed. 2015). Because federal courts have "an independent obligation to satisfy themselves of jurisdiction if it is in doubt," they may also "raise sua sponte subject-matter jurisdiction concerns." Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 76 (3d Cir. 2003) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278, 97 S. Ct. 568, 50 L.Ed.2d 471 (1977)). "The burden of establishing federal jurisdiction rests with the party asserting its existence." Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015) (citing DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3, 126 S. Ct. 1854, 164 L.Ed.2d 589 (2006)).

Challenges to subject matter jurisdiction pursuant to Rule 12(b)(1) may be regarded as either facial or factual. See Mortensen v. First Fed. Sav. & Loan, 549 F.2d 884, 891 (3d Cir. 1977); 2 Moore's Federal Practice § 12.30[4] (Matthew Bender 3d ed.). Facial challenges "contest the sufficiency of the pleadings" as a basis for the court's subject matter jurisdiction. S.D. v. Haddon Heights Bd. of Educ., 833 F.3d 389 n.5 (3d Cir. 2016) (quoting Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006)). A court reviewing such a challenge may "only consider the allegations of the complaint[,]" which it takes to be true, "and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." In re Schering Plough Corp., 678 F.3d at 243 (quoting Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000)) (internal quotation marks omitted); see Petruska v. Gannon Univ., 462 F.3d 294, 302 n.3 (3d Cir. 2006). In contrast, a factual challenge contests the truth of the allegations underlying a plaintiff's assertion of subject-matter jurisdiction. Constitution Party of Pa. v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014); Mortensen, 549 F.2d at 891. When a defendant

5

raises a factual challenge, "no presumptive truthfulness attaches to [the] plaintiff's allegations[,]" Mortensen, 549 F.2d at 891, and "a court may weigh and 'consider evidence outside the pleadings[,]'" Constitution Party of Pa., 757 F.3d at 358 (quoting (Gould Elecs. Inc., 220 F.3d at 176)). The plaintiff bears the burden of proving that jurisdiction in fact exists, Mortensen, 549 F.2d at 891, and he or she must meet this burden by supplying "competent proof" thereof, Hertz Corp. v. Friend, 559 U.S. 77, 96, 130 S. Ct. 1181, 175 L.Ed.2d 1029 (2010) (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S. Ct. 780, 80 L.Ed. 1135 (1936)).

2.  *Diversity Jurisdiction*

28 U.S.C. 1332(a)(1) grants federal district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000 . . . and is between Citizens of different States." 28 U.S.C. § 1332(a)(1). Section 1332(a) "require[s] complete diversity between all plaintiffs and all defendants[,]" Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89, 126 S. Ct. 606, 163 L.Ed.2d 415 (2005); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed.435 (1806), with the effect that "in cases with . . . multiple defendants, no plaintiff [may] be a citizen of the same state as any defendant." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) (citing Exxon Mobil Corp., 545 U.S. at 553). For purposes of diversity jurisdiction, "[a] natural person is deemed to be a citizen of the state where he is domiciled." Id. (citations omitted). A corporation is deemed to be a citizen of the state in which it is incorporated and of the state "where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Thus, in order to establish jurisdiction under Section 1332(c), a corporate plaintiff must plead both its state of incorporation and the location of its principal place of business. Carolina Cas. Ins. Co. v. Ins. Co. of N. Am., 595 F.2d 128, 130 n.1 (3d Cir. 1979); Poling v. K. Hovnanian Enters., 99 F. Supp. 2d 502, 515 (D.N.J. 2000).

6

The term "principal place of business" in Section 1332(c)(1) "refers to the place where [a] corporation's high level officers direct, control, and coordinate the corporation's activities[,]" often described as a corporation's "nerve center." Hertz Corp., 559 U.S. at 80-81. This 'nerve center' "should normally be the place where the corporation maintains its headquarters[.]" Id. at 93. It is not necessarily the place where a corporation's operations or sales are principally carried out, however. Indeed, even "if the bulk of a company's business activities visible to the public take place in New Jersey," if that company's "top officers direct those activities just across the river in New York, the 'principal place of business' is New York." Id. at 96.

In the present case, Plaintiff's complaint fails to assert the location of its principal place of business and therefore fails to allege facts necessary to establish diversity jurisdiction. Such deficiencies in jurisdictional allegations may be easily remedied, however, see 28 U.S.C. § 1653, and courts in this circuit have permitted amendments curing those deficiencies in lieu of dismissal based on a purely facial jurisdictional challenge, Lincoln Benefit Life Co., 800 F.3d at 110. Defendants, though, have raised more than a purely facial challenge. Indeed, the crux of their objection is factual: that Plaintiff in fact has its principal place of business in New York, not New Jersey. In support of this contention, Defendants have produced tax records, business records, and annual reports of the Plaintiff which list its "Address," "Main Business Address," "Business Address," or "Principal Executive Office" as one of two locations in New York. (Doc. No. 66-3, Declaration of Geoffrey D. Mueller, Esq., in Support of Cross-Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction Pursuant to F.R.C.P. 12(b)(1) ("Mueller Declaration"), ¶¶ 25-35, 37-97.) Defendants also note that the "Contact" page on Plaintiff's public website lists one of these New York addresses as Plaintiff's "Headquarters." (Mueller Declaration, ¶ 37.)

In opposition, Plaintiff argues that "[a]s a functioning radio station" its "principal place of business and . . . nerve center is in New Jersey, where the radio station and the business operate" (emphasis in original). (Pl. Opp'n, at 8.) This argument is without merit, for two reasons. First, the argument belies the fact that Plaintiff operates radio stations in more than ten states—a point Plaintiff concedes—and that its New Jersey operations are therefore only a subset of its corporate activities nationwide. (See Complaint, ¶ 1.) Second, Plaintiff's argument is essentially that its 'primary place of operations' is ipso facto its 'principal place of business,' and the Supreme Court in Hertz specifically rejected this inference. See Hertz Corp., 559 U.S. at 96.

Aside from the foregoing representations, Plaintiff offers no affirmative proof supporting its assertion that its principal place of business is in New Jersey. Plaintiff's remaining arguments in support of the assertion are also unavailing. For example, Plaintiff argues that Defendants' reliance on the business and tax records at issue is misplaced because such records do not alone establish the location of a corporation's principal place of business. (Pl. Opp'n, at 7-8.) Although Plaintiff is correct that "the mere filing of a form . . . listing a corporation's 'principal executive offices'" does not constitute "sufficient proof to establish a corporation's 'nerve center,'" see Hertz Corp., 559 U.S. at 97, this point is inapposite, as it is Plaintiff, not Defendants, who bears the burden of persuasion on a Rule 12(b)(1) motion. In addition, Plaintiff argues that the New York address listed in its business and tax records is "simply a mailing address put on record for the purpose of completing such reports." (Pl. Opp'n, at 8.) While this proffer would explain why the records produced by Defendants contain a New York address, it does not constitute affirmative evidence that Plaintiff's principal place of business is located in New Jersey.

In short, the record before the Court on this 12(b)(1) motion contains no evidence showing that Plaintiff's corporate officers 'direct, control, or coordinate' Plaintiff's activities from a location in New Jersey.  Consequently, the Court finds that Plaintiff has failed to meet its burden of showing that diversity jurisdiction, pursuant to Section 1332, exists.

**B.      Plaintiff's Motion for Leave to Amend its Complaint**

1.      *Amendments Pursuant 28 U.S.C. 1653*

Under Rule 15(a)(2), a party may amend its pleading with consent of the opposing party or the court's leave, which "should [be] freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Leave should be granted "'[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or [a] dilatory motive on the part of the movant, . . . undue prejudice to the opposing party . . . , [or] futility of amendment . . . .'"  Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 174 (3d Cir. 2010) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962)).

When a proposed amendment involves issues of subject matter jurisdiction, however, a more detailed inquiry is required.  Under 28 U.S.C. § 1653, plaintiffs are permitted to amend their complaints in order to cure defective allegations of jurisdiction, or "technical error[s] in jurisdictional pleading."  3 Moore's Federal Practice § 15.14 (2015) (Matthew Bender 3d ed.); Scattergood v. Perelman, 945 F.2d 618 (3d Cir. 1991) ("section 1653 . . . 'permits amendments broadly so as to avoid dismissal of diversity suits on technical grounds'") (quoting Kiser v. General Electric Corp., 831 F.2d 423, 427 (3d Cir. 1987)).  Consequently, a plaintiff who has either omitted or incorrectly stated allegations supporting his or her assertion of subject matter jurisdiction may be permitted to amend the complaint in order to demonstrate that such jurisdiction exists.  However, Section 1653 only "gives . . . district and appellate courts the

9

power to remedy inadequate jurisdictional allegations . . . not defective jurisdictional facts." See USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 204 (3d Cir. 2003) (citation omitted); Newman-Green, Inc. v. Alfonzo Larrain, 490 U.S. 826, 831-32, 109 S. Ct. 2218, 104 L.Ed.2d 893 (1989). Thus, the statute does not "empower federal courts to amend a complaint so as to produce jurisdiction where none actually existed before." Newman-Green, Inc., 490 U.S. at 831. Accordingly, courts have held that Section 1653 does not authorize the addition of a new plaintiff, Field v. Volkswagenwerk AG, 626 F.2d 293, 306 (3d Cir. 1980); Aetna Cas. & Sur. Co. v. Hillman, 796 F.2d 770, 776 (5th Cir. 1986), or a new federal cause of action, Pressroom Unions-Printers League Income Security Fund v. Continental Assurance Co., 700 F.2d 889, 893 (2d Cir. 1983); Saxon Fibers, LLC v. Wood, 118 F. App'x 750, 752 (4th Cir. 2005); Boelens v. Redman Homes, Inc., 759 F.2d 504 (5th Cir. 1985), in order to cure a lack of subject matter jurisdiction.

In the instant matter, Plaintiff's proposed amended complaint asserts a new federal cause of action and a new basis for subject matter jurisdiction. Because this amendment does not simply cure a 'technical defect' in Plaintiff's jurisdictional allegations, Plaintiff's motion is not authorized by Section 1653. Plaintiff appears to object to this conclusion, arguing that its motion is authorized by Section 1653 because the proposed amended complaint does not "add facts not alleged in the original complaint in an effort to establish jurisdiction pursuant to 28 U.S.C. 1331." (Pl. Opp'n, at 8). Plaintiff's point appears to be that, for purposes of subject matter jurisdiction, its original complaint already contains a federal cause of action, i.e. the Lanham Act claim, because that claim does not require additional factual allegations in order to be asserted. Thus, Plaintiff contends, its motion is authorized because the latter merely seeks to assert a cause of action and a jurisdictional basis that were previously unspecified.

The argument is unavailing.  Under the well-pleaded complaint rule, a court has federal question jurisdiction under Section 1331 when the "face of the plaintiff's properly pleaded complaint" presents a federal question.  Abulkhair v. Liberty Mut. Ins. Co., 441 F. App'x 927, 930 (3d Cir. 2011) (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L.Ed.2d 318 (1987)).  That is true "if and only if the complaint seeks a remedy expressly granted by a federal law or . . . requires the construction of a federal statute . . . ."  Lindy v. Lynn, 501 F.2d 1367, 1369 (3d Cir. 1974).  Plaintiff's original complaint seeks no such federal remedy.  It only alleges state common law causes of action, and it neither refers to nor alludes to a federal law with which defendants have failed to comply.  This Court will not engraft a federal cause of action onto Plaintiff's original complaint simply because Plaintiff's allegations could in theory support one.  See Caterpillar, Inc. v. Williams, 482 U.S. at 392 n.7 ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.") (quoting Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 809 n.6, 106 S. Ct. 3229, 92 L.Ed.2d 650 (1986)).  Consequently, the Court finds that Plaintiff's motion for leave to amend is not authorized by Section 1653.

2. *Amendments Creating Retroactive Subject Matter Jurisdiction*

Of course, even if Plaintiff's motion is not authorized by Section 1653, that fact does not, in theory, prevent the motion from being authorized by Rule 15 or basic judicial principles.  However, courts in cases such as the one at bar have also generally held that "if there is no federal jurisdiction" at the outset, "it may not be created by amendment."  2 Moore's Federal Practice § 15.14[3] (Matthew Bender 3d ed.).  In other words, leave to amend should not be granted if a proposed amendment would create subject matter jurisdiction where none previously existed.  Applying this principle, courts in several other circuits have denied plaintiffs' motions for leave to amend when the proposed amendment sought to add a federal cause of action and

11

thereby assert federal question jurisdiction if the amendment was necessary to cure a lack of diversity jurisdiction. See, e.g., Asset Value Fund Limited Partnership v. The Care Group, Inc., 179 F.R.D. 117, 119 (S.D.N.Y. 1998); V.W. Broad v. DKP Corp., No. 97 Civ. 2029, 1998 U.S. Dist. LEXIS 12942, at *23 (S.D.N.Y. Aug. 19, 1998); Leonard J. Strandberg & Assocs. v. Misan Constr. Corp., No. 08 CV 2939, 2010 U.S. Dist. LEXIS 38121, at *5-6 (E.D.N.Y. Apr. 19, 2010); Saxon Fibers, 118 F. App'x at 752; Sharp v. Town of Kitty Hawk, No. 2:11-CV-13-BR, Sum, at *5 (E.D.N.C. July 29, 2011); Stafford v. Mobil Oil Corp., 945 F.2d 803, 806 (5th Cir. 1991); Whitmire v. Victus Ltd., 212 F.3d 885, 888 (5th Cir. 2000); DePass v. Par. of Jefferson (In re Katrina Canal Breaches Litig.), 342 F. App'x 928, 931 (5th Cir. 2009); Sumpter v. Hungerford, No. 12-717, 2014 U.S. Dist. LEXIS 94487, at *22 (E.D. La. July 11, 2014); United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins., 782 F. Supp. 2d 248, 260 (E.D. La. 2011). Similarly, several courts have rejected attempts to add a federal cause of action in order to cure a lack of bankruptcy jurisdiction, Falise v. Am. Tobacco Co., 241 B.R. 63, 64 (E.D.N.Y. 1999), a lack of federal question jurisdiction based on different grounds, Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988), a lack of subject matter jurisdiction due to an existing plaintiff's lack of standing, Pressroom Unions, 700 F.2d at 889, and a lack of subject matter jurisdiction due to defendants' immunity from suit on existing claims, Brennan v. University of Kan., 451 F.2d 1287 (10th Cir. 1971).[1]

---

[1] Several courts have also rejected attempts to add a new plaintiff in order to cure a lack of diversity jurisdiction, see Field, 626 F.2d at 304 ("By parity of reasoning, jurisdiction cannot be conferred retroactively by the subsequent substitution of a diverse claimant for a non-diverse party"); Aetna Cas. & Sur. Co., 796 F.2d at 776, or to cure a lack of subject matter jurisdiction due to an existing plaintiff's lack of standing, see Vianix Del. LLC v. Nuance Communs., Inc., No. 09-0067 (NLH) (JS), 2009 U.S. Dist. LEXIS 40992, at *2 (D. Del. May 12, 2009) ("Because Vianix Delaware LLC did not have standing to assert its claims when it filed suit, the Court does not have subject matter jurisdiction to consider anything filed thereafter, including the amended complaint"); Rauner v. AFSCME, No. 15 C 1235, 2015 U.S. Dist. LEXIS 65085, at *14 (N.D. Ill. May 19, 2015); Lans v. Gateway 2000, Inc., 84 F. Supp. 2d 112, 115-16 (D.D.C. 1999); Unigard Ins. Co. v. Dep't of the Treasury, 997 F. Supp. 1339, 1343 (S.D. Cal. 1997); Lierboe v. State Farm Mut. Auto. Ins. Co., 350 F.3d 1018, 1023 (9th Cir. 2003). At least one court has also rejected an attempt to add new claims in order to cure a lack of diversity jurisdiction due to failure to satisfy the

In these cases, several reasons have been offered as support for the bar on amendments creating retroactive subject matter jurisdiction. One reason is that Rule 15(a), which authorizes amendments to pleadings, should be "read together with section 1653 of title 28." Falise, 241 B.R. at 65; Asset Value Fund Limited Partnership, 179 F.R.D. at 119 ("case law indicates that Section 1653 serves essentially as a specific application of Rule 15"); Corporacion Venezolana de Fomento v. Vintero Sales Corp., 477 F. Supp. 615, 618-19 & n.5 (S.D.N.Y. 1979); Kitty Hawk, 2011 U.S. Dist. LEXIS 84977, at *7 (denying plaintiff's motion for leave to amend based on "the interplay of Rule 15(a) and 28 U.S.C. § 1653"); Whitmire, 212 F.3d at 888; see also Wright et al., Federal Practice and Procedure § 1474, at 524 (2d ed. 1990) ("In some respects the language of [Section 1653] is at variance with the text of Rule 15 and arguably supersedes it. However, the cases do not reveal any conflict between the two."). By only authorizing amendments to cure defective allegations of jurisdiction, Section 1653, in turn, appears to implicitly prohibit lower courts from allowing amendments to cure a lack subject matter jurisdiction itself. See Falise, 241 B.R. at 65 ("There is a clear distinction between permitting the curing of technical defects in stating a basis for jurisdiction and providing of a jurisdictional basis where none previously existed. The latter is prohibited by section 1653, and, by implication, Rule 15(a)."); Whitmire, 212 F.3d at 888; Kitty Hawk, 2011 U.S. Dist. LEXIS 84977, at *7. Put differently, the negative inference to be drawn from Section 1653's language is that the statute implicitly forecloses amendments aimed at curing a lack of subject matter jurisdiction under Rule 15.

A second reason for the prohibition is that a court which lacks jurisdiction over an action from the outset lacks the authority to entertain a motion for leave to amend that would add a

---

amount in controversy requirement. See State Farm Mutual Automobile Ins. Co. v. Narvaez, 149 F.3d 1269, 1272 (10th Cir. 1998).

13

cause of action.[2]  See Saxon Fibers, 118 F. App'x at 752 ("a court without subject matter jurisdiction lacks authority to grant a party's amendment motion"); Whitmire, 212 F.3d at 888 (quoting Falaise, 241 B.R. at 66); Morongo, 858 F.2d at 1380 ("[i]f jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss" and "any order other than to dismiss is a nullity").  As one district court has put the point, "never having had power to act in the matter, the court never had authority to permit an amendment to the complaint." Falise, 241 B.R. at 66.

To be sure, federal courts are empowered to undertake certain actions even if they lack subject matter jurisdiction.  See, e.g. Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 431, 127 S. Ct. 1184, 167 L.Ed.2d 15 (2007) (holding that a court may dismiss an action on *forum non conveniens* grounds before addressing questions of subject-matter jurisdiction); Ruhrgas Ag v. Marathon Oil Co., 526 U.S. 574, 578, 119 S. Ct. 1563, 143 L.Ed.2d 760 (1999) (holding that a court may dismiss for lack of personal jurisdiction without first establishing subject-matter jurisdiction); Newman-Green, 490 U.S. at 832 (holding that Rule 21 authorizes district courts to drop jurisdictional spoilers in order to perfect diversity jurisdiction that is otherwise lacking).  However, this power plainly does not extend to merits determinations, Steel Co., 523 U.S. at 94, and, as one district court has noted, granting a motion for leave to amend requires precisely such a determination: namely, a finding that the proposed amendment would not be futile under a 12(b)(6) motion to dismiss standard.  See Broad, 1998 U.S. Dist. LEXIS

---

[2] At least two courts have cited similar grounds for denying a plaintiff's motion for leave to amend in order to add a new plaintiff and thereby cure an existing plaintiff's lack of standing. See, e.g., Vianix, 2009 U.S. Dist. LEXIS 40992, at *5 ("Because Vianix Delaware LLC did not have standing to assert its claims when it filed suit, the Court does not have subject matter jurisdiction to consider anything filed thereafter, including the amended complaint."); Rauner, 2015 U.S. Dist. LEXIS 65085, at * 13-14 (noting that "[w]hen a plaintiff amends the complaint as of right the rules apply mechanically and the court's authority over the case is not brought to bear[,]" but holding that because "[i]n the instant case . . . the court has determined that the original plaintiff . . . lacks standing and the court lacks subject matter jurisdiction over the case   . . . it has no power to enter an order allowing the addition of the employees as plaintiffs.").

14

12942, at *13-14l; see also Gutwirth v. Woodford Cedar Run Wildlife Refuge, 38 F. Supp. 3d 485, 488-89 (D.N.J. 2014) (quoting Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir.2000)) (holding that a proposed amendment is futile if it would not survive a 12(b)(6) motion to dismiss).

Third, barring amendments creating retroactive subject matter jurisdiction is consistent with the time-of-filing rule, the principle that "the jurisdiction of the Court depends upon the state of things at the time of the action brought," Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. 567, 570, 124 S. Ct. 1920, 158 L.Ed.2d 866 (2004) (quoting Mollan v. Torrance, 22 U.S. 537, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824)).  This rule has traditionally prohibited parties in diversity suits from relying on post-commencement events as grounds for establishing or refuting a complaint's original jurisdictional allegations.  Grupo Dataflux, 541 U.S. at 570; SMITH v. SPERLING, 354 U.S. 91, 93 n.1, 77 S. Ct. 1112, 1 L.Ed.2d 1205 (1957).  Allowing post-commencement amendments that could then be relied upon to establish or refute subject matter jurisdiction—whether the amendments added a new party or a new federal cause of action—would be a departure from this general principle.[3]  Sumpter, 2014 U.S. Dist. LEXIS 94487, at * 21; see also Leonard J. Strandberg & Assocs., 2010 U.S. Dist. LEXIS 38121, at * 14; United States ex rel. Branch Consultants, L.L.C. v. Allstate Ins., 782 F. Supp. 2d 248, 260 (E.D. La. 2011); but see ConnectU LLC v. Zuckerberg, 522 F.3d 82, 92 (1st Cir. 2008) (expressing skepticism at other courts' reliance on the time-of-filing rule as a basis for rejecting amendments that add a federal cause of action).

Beyond these considerations, it bears noting that a prohibition on amendments creating retroactive subject matter jurisdiction is more consistent with the Supreme Court's "policy goal

---

[3] The court of appeals for the Third Circuit has also cited the time-of-filing rule as grounds for rejecting an amendment that would add a new plaintiff as a cure for a lack of diversity jurisdiction. See Field v. Volkswagenwerk AG, 626 F.2d at 304.  One district court has cited the time-of-filing rule as grounds for rejecting a plaintiff's attempt to add a plaintiff in order to cure a lack of jurisdiction due to the existing plaintiff's lack of standing.  See Vianix Delaware, 2009 U.S. Dist. LEXIS 40992, at * 5.

15

of minimizing litigation over jurisdiction," Grupo Dataflux, 541 U.S. 580-81.  If such amendments were allowed, plaintiffs who took no effort to ensure that their action had a valid jurisdictional basis would initially bear little risk of dismissal, as they could respond to any 12(b)(1) motion to dismiss with a motion for leave to amend aimed at manufacturing jurisdiction where it was previously lacking.  Left unchecked, the potential for collateral litigation over a veritable merry-go-round of plaintiffs and causes of action, all raised in the hopes of finding a valid jurisdictional basis, is certainly the sort of time-consuming endeavor that the Supreme Court in Grupo Dataflux warned against.

Finally, it also bears noting that barring such amendments is more consistent with the principle that district courts are courts of limited jurisdiction, ones which "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." United States v. Merlino, 785 F.3d 79, 82 (3d Cir. 2015) (quoting Kokkonen, 511 U.S. at 377)); see Pressroom, 700 F.2d at 892 ("only Congress is empowered to grant and extend the subject matter jurisdiction of the federal judiciary"); Steel Co., 523 U.S. at 101 ("The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers.").  This principle prevents courts from "infer[ing] a grant of jurisdiction absent a clear legislative mandate." Pressroom, 700 F.2d at 892.  Presently, however, no statute or rule clearly authorizes district courts to permit amendments creating retroactive subject matter jurisdiction.  Allowing those amendments in the absence of such a mandate would frustrate Congress's regulatory role over the lower courts.

In its opposition, Plaintiff does not address or attempt to rebut any of these considerations.  It argues, however, that "court[s] sometimes may constitutionally exercise jurisdiction over a case even though [they] do[] not secure solid jurisdictional footing until after

16

the case has been brought." (Pl. Opp'n, at 8). Plaintiff cites several cases as exceptions to the general rule. None of those exceptions is applicable to the instant case, however, and Plaintiff fails to explain why the exceptions should be expanded to encompass it. For example, in Newman-Green, cited by Plaintiff, the Supreme Court held that lower courts are authorized to drop dispensable non-diverse parties in order to perfect jurisdiction. Newman-Green, 490 U.S. at 832. The instant matter concerns the addition of a federal cause of action, not the dismissal of a party, and thus does not fall within the Newman-Green paradigm. In Caterpillar Inc. v. Lewis, 519 U.S. 61, 117 S. Ct. 467, 136 L.Ed.2d 437 (1996), cited by Plaintiff, the Supreme Court held only that "a statutory defect, namely a failure to comply with the requirement of the removal statute, 28 U.S.C. § 1441(a) . . . d[oes] not require dismissal once there [i]s no longer any jurisdictional defect," Grupo Dataflux, 541 U.S. at 574. Because the present case involves the curing of an underlying jurisdictional defect, not compliance with the removal statute, Caterpillar Inc. v. Lewis is inapplicable. Finally, in Bernstein v. Lind-Waldock & Co., 738 F.2d 179 (7th Cir. 1984), cited by Plaintiff, the court of appeals for the Seventh Circuit held only that the plaintiff in that case was effectively estopped from disclaiming jurisdiction due to the case's unique procedural history. In Bernstein, defendants had removed the action to federal court, and the plaintiff had added a federal cause of action and invoked federal question jurisdiction only after the trial court had denied the plaintiff's motion to remand. Bernstein, 738 F.2d at 182. After the case had been decided in the defendants' favor, the plaintiff appealed the trial court's denial of his motion to remand. On appeal, the Seventh Circuit held that the plaintiff could not

> be permitted to invoke the jurisdiction of the federal court, and then disclaim it when he loses. Otherwise [the plaintiff] would be in a position where if he won his case on the merits in federal court he could claim to have raised the federal question in his amended complaint voluntarily, and if he lost he could claim to have raised it involuntarily and to be entitled to start over in state court.

17

Id. at 185-86.  Plainly, the procedural history of Bernstein—a removal case that had reached a judgment on the merits, in which the plaintiff contested subject matter jurisdiction after having already invoked it—is markedly different from that of the case at bar.  For this reason, the Court does not find the analysis in Bernstein to be applicable.

Plaintiff argues in the alternative that, even if the Court were to adopt a general bar on amendments creating retroactive subject matter jurisdiction through the addition of a federal cause of action, that principle should be limited to cases in which subject matter jurisdiction is challenged before a plaintiff moves for leave to amend its complaint.  In other words, a plaintiff should be permitted to create subject matter jurisdiction retroactively, provided that the jurisdictional defect in its original complaint goes undiscovered or unchallenged.  Once the challenge is raised, however, that plaintiff may not seek to cure the jurisdictional defect.  The Court is unmoved by this proposed distinction.  In the first place, the concerns raised by exercising jurisdiction over an action for which Congress has provided no clear jurisdictional authority do not subside simply because a plaintiff seeks exercise of that power before rather than after a defendant's 12(b)(1) motion.  Second, the distinction is of no consequence in the instant matter because the jurisdictional issue was already raised by Defendants during the May 2016 conference.

Therefore, for the foregoing reasons, this Court follows the numerous courts that have considered this precise issue and holds that Plaintiff may not, by motion, create retroactive subject matter jurisdiction through the addition of a federal cause of action.  To hold otherwise would run afoul of the practical and constitutional considerations justifying the limitation.

**III.    CONCLUSION**

Accordingly, Plaintiff's motion for leave to amend pursuant to Fed. R. Civ. P. 15(a) is DENIED, and Defendants' motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) is GRANTED.  An appropriate order shall issue.

/s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: January 31, 2017